STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
WENDY T. WU (Cal. Bar No. 242075)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0916
      Facsimile: (213) 894-0141
      E-mail:    Wendy.Wu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-917-DMG |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HUNTER MOORE |
| v. | |
| HUNTER MOORE and CHARLES EVENS, aka "Gary," | |
| Defendants. | |

     1.   This constitutes the plea agreement between defendant
HUNTER MOORE ("defendant") and the United States Attorney's Office
for the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to count two and count

nine of the indictment in <u>United States v. Hunter Moore and Charles</u>
<u>Evens</u>, CR No. 13-917-DMG, which charge defendant with unauthorized
access to a protected computer to obtain information for purposes of
private financial gain in violation of 18 U.S.C. §§ 1030(a)(2)(C),
(c)(2)(B)(i), aggravated identity theft, in violation of 18 U.S.C.
§ 1028A(a)(1), and causing an act to be done, in violation of 18
U.S.C. § 2.

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained
in this agreement.

        d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

        f.   Be truthful at all times with Pretrial Services, the
United States Probation Office, and the Court.

        g.   Pay the applicable special assessments at or before
the time of sentencing unless defendant lacks the ability to pay and
prior to sentencing submits a completed financial statement on a form
to be provided by the USAO.

        h.   Agree to and not oppose the imposition of the
following conditions of probation or supervised release:

           i.   Before using a computer or computer-related
device capable or accessing the internet, screen name, password, e-
mail account or internet service provider ("ISP") for the first time,

defendant shall notify his Probation Officer.  Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access or can be modified to access the internet, electronic bulletin boards, and other computers, or similar media.  After notifying his Probation Officer about a particular computer, computer-related device, screen name, password, e-mail account or ISP, defendant need not notify the officer about subsequent use of that particular item.

ii.  Defendant shall, however, notify his Probation Officer of any additions to, removals from, upgrades of, updates of, reinstallations of, repairs of, or other modifications of the hardware or software on any computers, computer-related devices, or peripheral equipment in the aforementioned items within one week of the change.

iii. Defendant shall possess and use only the computer(s) and computer-related devices, screen user names, passwords, e-mail accounts, and ISPs that have been disclosed to his Probation Officer.

iv.  Defendant shall provide his Probation Officer with all billing records for phone, cable, internet and satellite services that he purchases, as requested by the Probation Officer, so that his Probation Officer can verify his compliance with these requirements.

v.  All computers, computer-related devices and their peripheral equipment used by defendant shall be subject to search and seizure by making a mirror image of the device or searching the

3

1  computer on-site.  The defendant shall not hide or encrypt files or
2  data without prior approval from the Probation Officer.

3              vi.  Defendant shall not knowingly contact, or attempt
4  to contact any of the victims discussed in the indictment, including
5  victims L.B., V.E., K.L., P.K., T.G., S.M., and T.K. ("the Victims")
6  or their families, including but not limited to their parents,
7  siblings, other relatives, any spouse or significant other with whom
8  the Victims may share an intimate relationship (whether existing now
9  or during the pendency of any term of supervised release), and any
10 children of the Victims (whether existing now or during the pendency
11 of any term of supervised release) (collectively, "Victims'
12 Families"), directly or indirectly by any means, including but not
13 limited to in person, by mail, telephone, e-mail, text message, or
14 otherwise via the internet or other electronic means, or through a
15 third party.

16             vii. Defendant shall not attempt to locate the Victims
17 or the Victims' Families or attempt to obtain information concerning
18 the whereabouts, phone numbers, e-mail addresses, or other personal
19 identifiers of the Victims or the Victims' Families.

20             viii.    Defendant shall remain at least 100 yards
21 away from the Victims at all times.

22             ix.  Defendant shall not possess, or attempt to
23 possess, any materials, whether in hard copy, digital, electronic, or
24 any other form, that depict sexually explicit and/or nude images of
25 the Victims and/or that contain personal identifying information,
26 including any access devices and bank/credit card account numbers, of
27 the Victims.

28

1

THE USAO'S OBLIGATIONS

2       3.   The USAO agrees to:

3          a.   Not contest facts agreed to in this agreement.

4          b.   Abide by all agreements regarding sentencing contained

5 in this agreement.

6          c.   At the time of sentencing, move to dismiss the

7 remaining counts of the indictment as against defendant.  Defendant

8 agrees, however, that at the time of sentencing the Court may

9 consider any dismissed charges in determining the applicable

10 Sentencing Guidelines range, the propriety and extent of any

11 departure from that range, and the sentence to be imposed.

12          d.   At the time of sentencing, provided that defendant

13 demonstrates an acceptance of responsibility for the offenses up to

14 and including the time of sentencing, recommend a two-level reduction

15 in the applicable Sentencing Guidelines offense level, pursuant to

16 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

17 additional one-level reduction if available under that section.

18

NATURE OF THE OFFENSES

19       4.   Defendant understands that for defendant to be guilty of

20 the crime charged in count two, that is, unauthorized access to a

21 protected computer to obtain information for purposes of private

22 financial gain in violation of Title 18, United States Code, Sections

23 1030(a)(2)(C), (c)(2)(B)(i), and 2, the following must be true:

24 (a) Defendant intentionally accessed or willfully caused to be

25 accessed without authorization a computer; and (b) by accessing the

26 computer without authorization, defendant obtained information from a

27 computer that was used in or affected commerce or communication

28

5

between one state and another state or between a states of the United States and a foreign country.

For defendant to be guilty of aiding and abetting the unauthorized access to a protected computer to obtain information for purposes of private financial gain, in violation of Title 18, United States Code, Section 2(a), as charged in count 2, the following must be true:  (1) the crime of unauthorized access to a protected computer to obtain information for purposes of private financial gain was committed by someone; (2) defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of unauthorized access to a protected computer to obtain information for purposes of private financial gain; and (c) defendant acted before the crime was completed.

For defendant to be guilty of causing an act to be done, in violation of Title 18, United States Code, Section 2(b), charged in count 2 and count 9, the following must be true:  Defendant willfully caused an act to be done which, if directly performed by him or another, would be an offense against the United States.

5.   Defendant understands that for defendant to be subject to the statutory maximum set forth below, the government must prove beyond a reasonable doubt that defendant committed or caused to be committed the offense of unauthorized access to a protected computer without authorization and obtaining information for purposes of private financial gain.

6.   Defendant understands that for defendant to be guilty of count nine of the indictment, which charges a violation of Title 18, United States Code, Sections 1028A(a)(1), and 2, the following must be true: (i) defendant knowingly possessed or used, or willfully

caused others to possess or use, a means of identification of another person; (ii) defendant knew that the means of identification belonged to another person; (iii) defendant acted without lawful authority; and (iv) defendant did so during and relation to the felony violation enumerated in count two of the indictment.

<u>PENALTIES</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i) is:  five years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in count nine of the indictment, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment; a one-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100..

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: seven years imprisonment; a three-year period of supervised release; a fine of $500,000, or twice the gross gain or gross loss resulting

7

from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial

of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

13.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing through on or about May 2, 2012, in Los Angeles County and elsewhere, defendant operated the website http://isanyoneup.com.  On the website, defendant posted, among other things, nude or sexually explicit photos of victims which had submitted by other individuals for purposes of revenge without the victim's permission.  Defendant also posted nude or sexually explicit photos of victims, which had been stolen from victims' e-mail accounts.  To help populate the site with nude photos, defendant aided, abetted, and procured, and willfully caused co-defendant Charles Evens ("Evens") to intentionally access, without authorization, a computer used in interstate commerce belonging to Google by accessing the victims' e-mail accounts.  Defendant aided,

abetted, and procured, and willfully caused co-defendant Evens to obtain information, including nude pictures, belonging to the victims and stored on the victims' e-mail accounts.  Defendant did so by paying co-defendant Evens for the nude pictures and offering co-defendant Evens additional money to obtain unlawfully additional nude pictures, which defendant would post on his website, http://isanyoneup.com, without the victims' authorization.  Defendant paid co-defendant Evens for photos, including nude pictures, of the victims.

For example, on or about December 8, 2011, defendant sent to co-defendant EVENS an e-mail stating he would like "as many [nude pictures that co-defendant Evens had obtained by hacking into the victims' accounts] as possible."  On that same day, co-defendant Evens accessed victim L.B's e-mail account without authorization and obtained pictures, including a nude picture, of victim L.B. from victim L.B.'s e-mail account.  On or about December 11, 2011, defendant received from co-defendant Evens pictures, including a nude picture, of victim L.B.  On December 14, 2011, defendant paid $145.70 to defendant Evens using Paypal.  On or about December 29, 2011, defendant posted a nude picture of victim L.B. on his website, http://isanyoneup.com.

Defendant caused co-defendant Evens to use a means of identification, that is, victim L.B.'s username, during and in relation to the unlawful computer access.  Defendant did so without lawful authority.  Defendant knew that L.B.'s username did not belong to co-defendant Evens and further knew that this information belonged to another person.

14.   Defendant and the USAO agree that the term "victim," as used in this plea agreement, generally refers to the person whose photos were stolen from the person's e-mail account and posted on the defendant's website, http://isanyoneup.com, without authorization. Defendant and the USAO agree that usage of the term "victim" herein does not constitute an admission by defendant with respect to any applicable Sentencing Guideline factors, other than the agreed-upon factors set forth in paragraph 16.

SENTENCING FACTORS

15.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Intent to Obtain Personal Information | +2 | U.S.S.G. § 2B1.1(b)(16) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that the Court must sentence defendant to a term of two years' imprisonment on count nine, which must run consecutive to any term of imprisonment imposed for count two.

18.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

21.  Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

22.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23.  Defendant agrees that, provided the Court, before imposition of the mandatory consecutive sentence of two years' imprisonment on count nine, imposes a total term of imprisonment on count two of no more than 6 months, defendant gives up the right to

appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

24.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) before imposition of the mandatory consecutive sentence of two years' imprisonment on count nine, the Court imposes a term of imprisonment on count two of no less than 6 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations

14

will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

### EFFECTIVE DATE OF AGREEMENT

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

28.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

15

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

30. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

17

1  maximum established by statute, defendant cannot, for that reason,

2  withdraw defendant's guilty pleas, and defendant will remain bound to

3  fulfill all defendant's obligations under this agreement.   Defendant

4  understands that no one -- not the prosecutor, defendant's attorney,

5  or the Court -- can make a binding prediction or promise regarding

6  the sentence defendant will receive, except that it will be within

7  the statutory maximum.

8                    NO ADDITIONAL AGREEMENTS

9      33.   Defendant understands that, except as set forth herein,

10  there are no promises, understandings, or agreements between the USAO

11  and defendant or defendant's attorney, and that no additional

12  promise, understanding, or agreement may be entered into unless in a

13  writing signed by all parties or on the record in court.

14            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

15      34.   The parties agree that this agreement will be considered

16  part of the record of defendant's guilty plea hearing as if the

17  entire agreement had been read into the record of the proceeding.

18  AGREED AND ACCEPTED

19  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
20  CALIFORNIA

21  STEPHANIE YONEKURA
   Acting United States Attorney

22

23  _____        2/15/2015
   WENDY T. WU                          _____
24  Assistant United States Attorney    Date

25  x_____     x 2/12/15
                                         _____
26  HUNTER MOORE                         Date
   Defendant

27

28  _____        _____

                        18

1  ROBERT M. HOLLEY                         2·13·2015
2  Attorney for Defendant                   Date
   HUNTER MOORE

3

4

5                    CERTIFICATION OF DEFENDANT

6       I have read this agreement in its entirety.  I have had enough

7  time to review and consider this agreement, and I have carefully and

8  thoroughly discussed every part of it with my attorney.  I understand

9  the terms of this agreement, and I voluntarily agree to those terms.

10 I have discussed the evidence with my attorney, and my attorney has

11 advised me of my rights, of possible pretrial motions that might be

12 filed, of possible defenses that might be asserted either prior to or

13 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

14 of relevant Sentencing Guidelines provisions, and of the consequences

15 of entering into this agreement.  No promises, inducements, or

16 representations of any kind have been made to me other than those

17 contained in this agreement.  No one has threatened or forced me in

18 any way to enter into this agreement.  I am satisfied with the

19 representation of my attorney in this matter, and I am pleading

20 guilty because I am guilty of the charges and wish to take advantage

21 of the promises set forth in this agreement, and not for any other

22 reason.

23                                           2-12-15
   HUNTER MOORE                              Date
24 Defendant

25

26

27

28

                                  19

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am HUNTER MOORE's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 guilty pleas pursuant to this agreement.

16

17 _____      2-12-2015
ROBERT M. HOLLEY                        Date
Attorney for Defendant
18 HUNTER MOORE

19

20

21

22

23

24

25

26

27

28